# EXHIBIT B

# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

---

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | DONALD F. MICELI | **5 BECKER FARM ROAD** | PETER G. STEWART | RAYMOND J. LILLIE |
| JAN ALAN BRODY | CARL R. WOODWARD, III | **ROSELAND, N.J. 07068-1739** | FRANCIS C. HAND | GREGORY G. MAROTTA |
| JOHN M. AGNELLO | MELISSA E. FLAX | **PHONE (973) 994-1700** | JAMES A. O'BRIEN, III | KEVIN G. COOPER |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | **FAX (973) 994-1744** | JOHN G. ESMERADO | MARYSSA P. GEIST |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | www.carellabyrne.com | STEVEN G. TYSON | JORDAN M. STEELE** |
| | BRIAN H. FENLON | | MATTHEW J. CERES | MICHAEL K. BELOSTOCK |
| | CAROLINE F. BARTLETT | | ZACHARY A. JACOBS*** | BRIAN F. O'TOOLE** |
| | ZACHARY S. BOWER+ | | JASON H. ALPERSTEIN+ + | SEAN M. KILEY |
| | DONALD A. ECKLUND | | | ROBERT J. VASQUEZ |
| | CHRISTOPHER H. WESTRICK* | | OF COUNSEL | BRITTNEY M. MASTRANGELO*¹ |
| | STEPHEN R. DANEK | | | |
| | MICHAEL A. INNES | | *CERTIFIED BY THE SUPREME COURT OF | |
| | MEGAN A. NATALE | | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | |
| | | | **MEMBER NY BAR | |
| | | | ***MEMBER IL BAR | |
| | | | +MEMBER FL BAR | |
| | | | + + MEMBER NY & FL BAR | |

July 12, 2023

**VIA PROCESS SERVER**

FERRARI NORTH AMERICA, INC.
C/O C T CORPORATION
820 Bear Tavern Road
West Trenton, New Jersey 08628

FERRARI NORTH AMERICA, INC.,
AS AGENT FOR FERRARI S.p.A.
C/O C T CORPORATION
820 Bear Tavern Road
West Trenton, New Jersey 08628

      **RE:    FERRARI BRAKES DEFECT NOTICE LETTER**

To Whom It May Concern:

      Please be advised that our firm, along with co-counsel, has been retained by Messrs. Van Carlucci, Anthony Mirti, and Iliya Nechev ("Plaintiffs") to pursue claims arising from a design defect in their 2005 Ferrari 430 Spider, 2018 Ferrari 488 Spider, and 2010 Ferrari 458, respectively (the "Affected Vehicles"). We represent Plaintiffs individually and as representatives of a putative Class of all other purchasers and lessees of 2005 through 2022 model year Ferrari branded vehicles equipped with a braking system that could potentially leak brake fluid, which may lead to partial or total loss of braking capability.[1] We are providing you this notice and demand for relief pursuant to various Consumer Protection and Breach of Warranty claims, defined below.

---

[1] On December 30, 2021, Jeffrey Rose filed an action against Ferrari North America, Inc., Ferrari S.p.A (together "Ferrari"), and Robert Bosch GmbH ("Bosch" together with Ferrari, "Defendants"), Plaintiffs intend to join this action and assert similar claims against Defendants. *See Rose v. Ferrari North America, Inc., et al.*, Civil Action No. 2:21-cv-20772 (MEF)(CLW).

On November 23, 2019, Van Carlucci purchased a used 2005 Ferrari 430 Spider from CLS 123, LLC in North Bergen, New Jersey. Likewise in April 2019, Anthony Mirti purchased a new 2018 Ferrari 488 Spider from Ferrari of Atlanta, an authorized Ferrari dealership, located in Roswell, Georgia. On September 8, 2021, Mr. Mirti had the booster/master servo assembly replaced in his Affected Vehicle from Ferrari Maserati of Central Florida, Inc. after the brakes in his vehicle completely failed and his vehicle hit a concrete parking barrier. Lastly, Mr. Nechev purchased a used 2010 Ferrari 458 in December 2020 from Ferrari of Washington, an authorized Ferrari dealership located in Sterling, Virginia. After Mr. Nechev's vehicle failed to brake while travelling downhill, Mr. Nechev presented it for repair at Ferrari of San Diego, but the dealership failed to repair the issue. Unable to receive a repair or replacement from Ferrari, Mr. Nechev conducted the repair himself at his own time and expense, replacing the booster/master servo assembly and hoses with integrated check valves. Messrs. Mirti and Nechev remain very concerned that the replacement Master Cylinder in their Affected Vehicles remain defective as there appears to be no change in the design of the replacement part they received.

The defectively designed Affected Vehicles are in violation of the laws of California's Breach of Express Warranty (Cal. Com. Code §§ 2313 and 10210), Breach of Implied Warranty of Merchantability (Cal. Com. Code §§ 2314 and 10212), and Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*); Florida's Breach of Express Warranty (Fla. Stat. §§ 672.313 and 680.21), Breach of Implied Warranty of Merchantability (Fla. Stat. §§ 672.314 and 680.212), and Deceptive & Unfair Trade Practices Act (Fla. Stat. § 501.201, *et seq.*); Georgia's Breach of Express Warranty (Ga. Code. Ann. §§ 11-2-313 and 11-2A-210), Breach of Implied Warranty of Merchantability (Ga. Code Ann. §§ 11-2-314 and 11-2A-212), and Fair Business Practices Act (Ga. Code Ann. §§ 10-1-390, *et seq.*); New Jersey's Breach of Express Warranty (N.J. Stat. Ann. §§ 12A:2-313 and 12A:2A-210), Breach of Implied Warranty of Merchantability (N.J. Stat. Ann. §§ 12A:2-314 and 12A:2A-212), and New Jersey Consumer Fraud Act (N.J. Stat. Ann. § 56:8-1, *et seq.*); and Virginia's Breach of Express Warranty (Va. Code Ann. §§ 8.2-313 and 8.2A-210), Breach of Implied Warranty of Merchantability (Va. Code Ann. §§ 8.2-314 and 8.2A-212), and Consumer Protection Act (Va. Code Ann. § 59.1-196, *et seq.*) (Plaintiffs' "Consumer Protection" or "Breach of Warranty" claims). The Consumer Protection claims prohibit, *inter alia*, "unfair or deceptive acts or practices in the conduct of consumer transactions." The Breach of Warranty claims prohibit the breach of express and implied warranties of merchantability. Defendants have violated these statutes by selling the Affected Vehicles with knowledge that they were materially defective and/or by knowingly concealing, suppressing or omitting to disclose material information concerning the Affected Vehicles to Plaintiffs and putative Class members. Plaintiffs and the putative Class members have suffered ascertainable losses, and unless restrained, class members and others in the future will continue to suffer injury and harm.

Also, please take notice that Defendants breached the express warranty and implied warranty of merchantability they provided with the sale of Plaintiffs' Affected Vehicles. Defendants issued written warranties to Affected Vehicle owners and lessees wherein Defendants warranted that they would be responsible for repairs required as a result of defects due to material and/or workmanship. Defendants, however, have failed to remedy the defects in the Affected Vehicles. Likewise, the laws of the 50 States generally provide that "a warranty that [] goods shall be merchantable is implied in [all sales] contracts." *See e.g.*, Ga. Code Ann. § 11-2-314. However, the Affected Vehicles do not pass without objection in the trade and are not fit for the ordinary purpose for which they are used.

July 12, 2023
Page **3** of **4**

As a result, we provide notice to you that:

(a) Defendants breached their written and implied warranties by marketing and selling the Affected Vehicles. These vehicles share a uniform defect in that they suffer from brake failure. The Affected Vehicles are equipped with a braking system that could potentially leak brake fluid, which may lead to partial or total loss of braking capability. Defendants have failed to acknowledge or correct the defect in the Affected Vehicles, such as those purchased by Plaintiffs.

(b) Defendants knew, should have known of, or were reckless in not knowing of their failure to disclose, information concerning the Affected Vehicles' inability to perform as warranted, but nonetheless failed to rectify the situation and/or disclose the defective design.

(c) Defendants intended for Plaintiffs, and all other purchasers of the Affected Vehicles, to rely on that them to provide safe, adequately designed, and adequately manufactured automobiles and to honestly and accurately reveal the problems outlined above. Because Defendants knew about the defects and the safety risks they created, had exclusive knowledge of material facts not known by the general public, and actively concealed these facts from the general public, Defendants had a duty to disclose the defect.

(d) Consumers have been deceived by Defendants' failure to disclose that the Affected Vehicles are prone to fail during normal operation, leaving occupants of the Affected Vehicles vulnerable to crashes, serious injury, and death.

(e) Defendants' conduct and deceptive omissions were intended to induce Plaintiff, and all other purchasers of the Affected Vehicles, to believe the vehicles were safe, adequately designed, and adequately manufactured automobiles.

(f) Defendants' practice of manufacturing, marketing, and selling the Affected Vehicles equipped with defective brake systems is unethical, immoral, and substantially injurious to consumers and others nationwide.

(g) Defendants' conduct constitutes unfair acts or practices violation of the Consumer Protection statutes identified above.

(h) Defendants' conduct was a Breach of Warranty as identified above.

(i) Plaintiffs, and all other purchasers of the Affected Vehicles, suffered financial injury as a direct and proximate result of Defendants' unfair and unlawful practices.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

July 12, 2023
Page **4** of **4**

On behalf of Plaintiffs and all other purchasers and lessees of the Affected Vehicles, we demand that Defendants take the following steps:

(a) Compensate Plaintiffs and all purchasers and lessees of the Affected Vehicles for the benefit of the bargain damages incurred as a result of overpaying for their devalued and defectively designed vehicles, plus treble damages;

(b) Compensate Plaintiffs and all purchasers and lessees of the Affected Vehicles for any and all out-of-pocket losses;

(c) Repair Plaintiffs' and other Affected Vehicle owners' and lessees' vehicles;

(d) Pay our firm's reasonable attorneys' fees and expenses incurred on behalf of Plaintiffs and the potential class; and

(e) All other remedies allowed by law.

In accordance with the notice requirements of Plaintiffs' Consumer Protection and Breach of Warranty claims, notice is hereby provided thirty (30) days prior to filing an action. Failure to respond within thirty (30) days of this letter will be interpreted as a rejection of all demands.

Very truly yours,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

*/s/ James E. Cecchi*
JAMES E. CECCHI

20230712103326

N/A

**Plaintiff**

_____ Court Of _____

vs

N/A

**Defendant**

_____ Venue

Docket Number: N/A

**Person to be served** (Name and Address):
FERRARI NORTH AMERICA, INC.,
820 BEAR TAVERN ROAD
WEST TRENTON  NJ  08628
**By serving:** CT CORPORATION, R.A

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

**Attorney:** JAMES E. CECCHI, ESQ.

**Papers Served:** LETTER,

$ _____.\_\_\_\_

**Service Data:**   [X] Served Successfully   [ ] Not Served

Name of Person Served and relationship/title:

Date/Time:   7/12/2023 1:10 PM   _____

SCOTT KUNTZ_____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

PERSON AUTHORIZED TO ACCEPT SERVICE\_

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX: M   AGE: 36-50   HEIGHT: 5'9"-6'0"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:

Date/Time: _____
Date/Time: _____
Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____   _____
Name of Notary            Commission Expiration

**Docusign Court Approved E-Signature**

I, JANE NUNN,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*JANE NUNN*
_____00A32D08D762455..._____   07/12/2023\_
Signature of Process Server                    Date

Name of Private Server: JANE NUNN   Address: 2009 Morris Avenue UNION, NJ 07083   Phone: (800) 672-1952